JJPLOTKIN, Judge.
Defendant was convicted of second degree murder in 1978. His conviction and sentence were affirmed in State v. Ford, 375 So.2d 641 (La.1979). On August 31, 1994, counsel filed with the trial court an application for post-conviction relief alleging that the trial court had delivered a Cage reasonable doubt in- *1160 straction in defendant’s trial. The trial court granted defendant’s application and ordered a new trial. The state seeks reversal of that ruling.
Defendant’s application for relief is flawed in two respects. Initially, it was filed untimely with the trial court. Defendant’s argument for relief is based in part on Sullivan v. Louisiana, — U.S. -, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), wherein the United State Supreme Court, on review of a direct appeal to the Louisiana Supreme Court, found that a Cage error is not subject to a harmless error review. However, Sullivan was decided on June 1, 1993, and the defendant’s application was filed on August 31,1994, more than one year from the ruling, in Sullivan. Thus, under La.C.Cr.P. art. 930.8(A)(2), defendant’s application was filed untimely and the trial court was not empowered to grant the requested relief.
Additionally, because Cage announces a new rule of law, it is not to be applied retroactively. See Skelton v. Whitley, 950 F.2d 1037, 1042 (5th Cir.1992), cert. denied Skelton v. Smith, — U.S. -, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); State ex rel. Taylor v. Whitley, 606 So.2d 1292, 1296 (1992), cert. denied Taylor v. Whitley, — U.S. -, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993).[1] The defendant’s conviction and ^sentence were affirmed in 1979. As per Taylor and Skelton, the holding of Cage cannot be applied retroactively to his case. Therefore, the trial court erred in granting relief on this basis. See State ex rel. Dabney v. Marullo, 93-1750 (La.App. 4 Cir. 12/16/93); State v. Keith Barnes, 93-1054 (La.App.4 Cir. 7/24/93).
Accordingly, we grant the state’s application for writs. The order of the trial court granting defendant a new trial is hereby reversed.

. Because the Supreme Court denied certiorari in Taylor seven days after the Court handed down Sullivan, it appears that the non-retroactivity holdings of Taylor and Skelton are still valid.